IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BENITA JONES-DAVIDSON**
**6526 ROLLING RIDGE DRIVE**
**CAPITOL HEIGHTS, MD 20743,**

                                                                  **Civil Action No.**

    **Plaintiff,**

      **v.**

**PRINCE GEORGE'S COUNTY**
**COMMUNITY COLLEGE**
**301 LARGO ROAD**
**LARGO, MD 20774,**

    **Defendant.**

## COMPLAINT

COMES NOW Plaintiff through undersigned counsel states as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of equal protection rights secured by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

2. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

3. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by Title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.]. The U.S. Department of Education has assisted Prince

George's Community College under the American Recovery and Reinvestment Act of 2009. Prince George's County Community College receives federal funds. Title IX requires the recipients of federal funds to waive Eleventh Amendment sovereign immunity.

4. Venue lies in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and because the events and occurrences giving rise to this action occurred within this judicial district.

## PARTIES

5. Benita Jones-Davidson is an employee of Prince George's County Community College.

6. The Prince George's County Community College is located in Prince George's County, Maryland.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff Benita Jones-Davidson filed a timely complaint with the Equal Employment Opportunity Commission, Charge No. 570-2011-00992. On April 28, 2011, Ms. Jones-Davidson signed her Charge of Discrimination indicating discrimination based on sex and retaliation. On May 7, 2013, EEOC issued a Notice of Right to Sue letter to Ms. Jones-Davidson. Ms. Jones-Davidson received her Right to Sue letter on or shortly after May 9, 2013.

## STATEMENT OF CLAIM

**Benita Jones-Davidson**

Introduction

8. Benita Jones-Davidson is a mixed race woman in her early fifties.

9. Ms. Jones-Davidson has been employed by Prince George's County Community College since September 2006.

10. Ms. Jones-Davidson possesses a Master's degree in network engineering.

11. Ms. Jones-Davidson is employed as a Network Engineer III in the Administrative Technology Services department.

12. Ms. Jones-Davidson also holds an adjunct position on the college's faculty.

13. Currently, Ms. Jones-Davidson is the only female Network Engineer III employed by Technology Services.

14. Ms. Jones-Davidson works with approximately five other male Network Engineer III colleagues.

15. From July 2006 to January 2010, Ms. Jones-Davidson worked in Technology Services without incident. When an annual job performance evaluation was issued, Ms. Jones-Davidson received the highest ratings.

16. In January 2010, Ms. Jones-Davidson complained about being denied overtime pay based on her gender.

## Retaliation

17. By April 2010, management stopped acknowledging Ms. Jones-Davidson's daily accomplishments. On a daily basis, Ms. Jones-Davidson reports her activities, via e-mail, to Technology Services' management. After Ms. Jones-Davidson complained about not being paid overtime because of her gender, management stopped responding to her daily e-mails.

18. On December 3, 2010, all of the network engineers in Technology Services received their annual job performance evaluation except Ms. Jones-Davidson.

19. On December 6, 2010, Ms. Jones-Davidson filed a complaint with the college alleging retaliation.

20. On March 22, 2011, Ms. Jones-Davidson received her annual job performance evaluation, but the evaluation contained disparaging comments.

21. Prior to her complaint, Ms. Jones-Davidson was given challenging assignments that drew on her education and experience. After her complaint, Ms. Jones-Davidson was frequently not given any assignments.

22. On April 13, 2011, Ms. Jones-Davidson received a written warning and a one day suspension.

## EEOC complaint

23. On April 14, 2011, Ms. Jones-Davidson filed a sex and retaliation complaint with the Equal Employment Opportunity Commission.

24. Since filing her EEOC complaint, Ms. Jones-Davidson is no longer given important assignments.

25. Ms. Jones-Davidson's duties and responsibilities are currently limited to assisting other network engineers when they encounter problems, for which Ms. Jones-Davidson receives no official credit.

26. Ms. Jones-Davidson is no longer invited to important meetings that are attended by her colleagues.

27. When Ms. Jones-Davidson is given an assignment, her requests for approval are ignored by management, which hampers Ms. Jones-Davidson's ability to complete her assignments.

28. Ms. Jones-Davidson is the target of disparaging e-mails from her colleagues and management.

## Count I – Title IX (Retaliation)

29. Ms. Jones-Davidson incorporates by reference all of the preceding paragraphs.

30. Ms. Jones-Davidson engaged in protected activity based on her gender and retaliation.

31. Prince George's County Community College took materially adverse action against Ms. Jones-Davidson.

32. A connection exists between Ms. Jones-Davidson's protected activity and the materially adverse action.

### Count II – Title VII (Retaliation)

33. Ms. Jones-Davidson incorporates by reference all of the preceding paragraphs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this court:

(a) Issue a declaratory judgment that Defendant's acts, polices, practices and procedures complained of herein-violated Plaintiff's rights as secured by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; Title VII of the CRA; Title IX of the Education Act; and, Order Defendant to make whole Plaintiff who has been adversely affected by the policies and practices described herein in an amount to be shown at trial and other affirmative relief;

(b) Compensate the Plaintiff for loss pay and benefits, with interest;

(c) Retain jurisdiction over this action to assure full compliance with the orders of the court and with applicable law and require defendant to file such reports as the court deems necessary to evaluate compliance;

(d) To award them reasonable attorney's fees and costs of this action;

(e) Award Plaintiff compensatory and punitive damages; and,

(f) Grant such additional relief as the court deems just and proper; and

WHEREFORE, the premises considered, the Plaintiff demands judgment against the Defendant in the amount of five hundred thousand dollars ($500,000).

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

_____/s/_____

Bryan A. Chapman, Esquire  Bar No.012274
Law Office of Bryan A. Chapman
325 Pennsylvania Avenue, S.E.
Washington, D.C. 20003

(202) 558-6168
bchapman@baclaw.com

Attorney for Plaintiff